## UNITED STATES DISTRICT COURT
## OF MASSACHUSETTS

| | |
|---|---|
| TYRONE BOZEMAN | ) |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.** |
| | ) |
| EQUIFAX INFORMATION SERVICES, LLC | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Tyrone Bozeman, ("Mr. Bozeman"), and complains of the Defendant, Equifax Information Services, LLC ("Equifax"), stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory damages and cost brought by Mr. Bozeman against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3.      Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4.      Venue is proper in Boston Massachusetts because the acts complained of were committed and/or caused by the Defendant within Suffolks County.

## PARTIES

5.      Mr. Bozeman is a natural person residing in Boston, Suffolks County, Masschusetts.

6.      Mr. Bozeman is a Consumer as defined by 15 U.S.C. § 1681a(c).

7.      Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

8.      Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS
## Mr. Bozeman' Augsust 2025 Consumer Disclosure

his consumer credit disclosure from Equifax. SEE PLAINTIFF'S EXHIBIT A

10.     Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Mr. Bozeman' request, Equifax was required to "clearly and accurately" disclose all information in Mr. Bozeman' file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

11.     Equifax provided an electronic copy of Mr. Bozeman' Consumer Disclosure ("Equifax's Disclosure") to via annualcreditreport.com

## Missing Account Numbers, Missing Account Information and Payment History

12.     Making matters even more confusing for Mr. Bozeman, Equifax omitted the full Account Numbers, Missing Account Information and Payment History relating to the American Express trade lines.

13.     On information and belief, this data furnisher reported the full account numbers, missing account information and payment history belonging to its respective accounts to Equifax, and this information was contained within Equifax's file regarding Mr. Bozeman at the time of his request.

14.     When Equifax produces and sells reports regarding Mr. Bozeman to third parties, the full account numbers, missing account information and payment history are included in its reports.

15.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

16.     Having a duty to disclose all of the information regarding the accounts in Mr. Bozeman' file, Equifax breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

17.     Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

18.     Equifax's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

19.     On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Equifax, and this information was contained within Equifax's file on Mr. Bozeman at the time of his request for his consumer disclosure.

20.     Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

21.     Equifax knows of this error but, despite such knowledge, has yet to correct it.

22.     The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll

information in the consumer's file at the time of the request." 15 U.S.C. §
1681g. In the absence of binding authority stating that a truncated account
number is a clear and accurate disclosure, the Court finds that Plaintiff has
stated a plausible claim for a violation of Section 609 of the FCRA.")

23.     The failure of an entity to provide accurate and truthful
information as required by law creates an injury-in-fact, thus creating standing
pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363
(1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful
housing information" was a cognizable injury in and of itself, regardless of
whether the plaintiff actually hoped to reside in the defendant's housing
complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

24.     The lack of accurate, full account numbers, missing account
information and payment history caused Mr. Bozeman great frustration and
emotional distress when trying to understand his credit report and verify it
against his own records.

25.     Further, pursuant to a 2000 FTC Opinion Letter (Advisory
Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always
scrambles or truncates account (or social security) numbers does not technically
comply with Section 609 because it does not provide 'accurate' (and perhaps
not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S
EXHIBIT B.

26.     Equifax's omission of the full account numbers, missing
account information and payment history greatly decreases a consumer's ability
to understand his consumer credit disclosure, identify the accounts, and
compare those accounts with his own records.

### Prevalence of Equifax's Account Number Errors, Missing Account Information and Payment History

27.     On information and belief, Equifax's Disclosure to Mr.
Bozeman was generated using a template that extracts database information
from a consumer's file and populates it into various pre-programmed fields on a
consumer disclosure form.

28.     On information and belief, this same template is used virtually
every time a consumer requests their file from Equifax through
www.annualcreditreport.com.

29.     On information and belief, www.annualcreditreport.com is the
location where the majority of consumers obtain their Equifax credit disclosure.

30.     Consumer disclosures retrieved through annualcreditreport.com
all exhibit the same missing account number, missing account information and
payment history errors.

31.     Thus, every consumer with accounts appearing with missing
information in their disclosure who requested their disclosure from Equifax
through www.annualcreditreport.com since the template's use began, received a
consumer disclosure with the same errors as Mr. Bozeman.

32.     Equifax's error has therefore likely affected thousands of
consumers.

33.     Equifax has known of the flaws in its systems for years, but has
done nothing to fix them, despite the large number of consumers affected.

34.     Equifax's knowing and repeated conduct warrants an award of
punitive damages.

35.     Equifax's failure to disclose all of the information in the

consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

36.     Mr. Bozeman has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

37.     Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Mr. Bozeman deprived his of this right.

## COUNT I
## VIOLATIONS OF THE FCRA

38.     Mr. Bozeman adopts and incorporates paragraphs 1 - 37 as if fully stated herein.

39.     Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Bozeman' request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Bozeman, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed one (1) accounts reported without disclosing the full account number, missing account information and payment history or one (1) accounts also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

40.     Equifax knowingly provided inaccurate and incomplete information in Mr. Bozeman' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

41.     Equifax is therefore liable to Mr. Bozeman, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus costs.

42.     Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Bozeman, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus costs.

WHEREFORE, Mr. Bozeman respectfully requests that the Honorable Court enter judgment against Equifax for:

a.     The greater of statutory damages of $1,000 per incident and Mr. Bozeman' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Bozeman' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Costs pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.     Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Bozeman demands a jury trial on all issues so triable.

Respectfully submitted on August 11, 2025, by:

Tyrone Bozeman

26 Abbot Street

Boston, MA 02124

857-212-3076

Tjboze96@gmail.com

ATTACHED EXHIBIT LIST

A.    Mr. Bozeman' Equifax Consumer Disclosure, August 1, 2025.
B.    FTC Opinion Letter.

C.    Mr. Bozeman' Letter showing the incomplete data from Equifax
Consumer Disclosure, August 1, 2025.

Page **1** of **10**