**BOZEMIN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYRONE BOZEMAN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-12253-MJJ |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Equifax Information Services LLC ("Equifax"), by and through counsel, respectfully moves this Court to dismiss Plaintiff Tyrone Bozeman's ("Plaintiff") Complaint for failure to state a claim upon which relief can be granted under the Fair Credit Reporting ("FCRA"), 15 U.S.C. 1681, *et. seq*. In support of its request, Equifax offers the following Memorandum of Law in Support of its Motion to Dismiss.

## I. INTRODUCTION

Plaintiff filed his Complaint on August 12, 2025, alleging that Equifax violated § 1681g of the Fair Credit Reporting Act ("FCRA"). *See* ECF No. 1. Plaintiff claims that, upon providing him with a copy of his consumer disclosure, Equifax "fail[ed] to clearly and accurately disclose . . . all of the information in his file." *Id.* at ¶ 39. Specifically, Plaintiff alleged that Equifax "omitted the full Account Numbers, Missing Account Information and Payment History" for his American Express account (the "Account"). *Id.* at ¶ 12.

For Equifax's alleged omissions, Plaintiff purports to bring claims under 15 U.S.C. § 1681g(a)(1). *Id.* at ¶ 39. However, because Plaintiff fails to plead any facts alleging that Equifax failed to provide him with information in his file bearing on his creditworthiness, and because

Plaintiff does not allege he suffered any actual damages, Equifax moves to dismiss his Complaint for failure to state a claim.

## II. STATEMENT OF THE ISSUES

Whether Plaintiff's Complaint states a claim under the FCRA for which relief may be granted against Equifax.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). This does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). The Court is not obliged to "honor subjective characterizations, optimistic predictions, or problematic suppositions . . ." *Id.* Moreover, "a reviewing court need not 'swallow plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Mass. Sch. of Law v. ABA*, 142, F.3d 26, 40 (1st Cir. 1998) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). Although a court must construe all reasonable inferences in the non-movant's favor, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Yacubian v. United States*, 750 F.3d 100, 108 (1st Cir. 2014) (citations omitted).

While pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Brown v. First Premier Bank*, 12–7697, 2013 WL 941572, at *2 (D. N.J., Mar. 6, 2013) (the Court dismissed a handwritten complaint that did not specify any particular causes of action, factual allegations, or comprehensible statements); *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff's Claims Do Not Involve Information Bearing on His "Creditworthiness" and Are Not Actionable Under § 1681g.

Plaintiff alleges that Equifax failed to disclose full account numbers, "account information," and payment history on some accounts contained in his credit file. *See* ECF No. 1 at p. 2. Even if true, Equifax has no duty to provide Plaintiff with this information, as courts have routinely found such information does not bear on creditworthiness.

The FCRA, specifically 15 U.S.C. § 1681g, requires consumer reporting agencies ("CRA"), such as Equifax, to disclose certain information in a consumer's file upon a consumer's request. A credit "file" for purposes of § 1681g means "information that might be furnished, or has been furnished, in a consumer report[,]" and does not include every piece of information that a consumer reporting agency has on a consumer. *Vaiano v. Experian Info. Sols., Inc.*, No. 1:24-cv-12245-JEK, 2025 WL 2323521 (D. Mass. Aug. 12, 2025) (internal quotations omitted); *see Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007) (emphasis supplied); *see also Wimberly v. Experian Info. Sols., Inc.*, 2019 U.S. Dist. LEXIS 218104, at *24 (S.D.N.Y. Dec. 17, 2019) (discussing the expansive and narrow definitions of "file" and expanding *Gillespie*, holding that internal record relating to a CRA's processing of information are not a part of the "file"). The



320100906v.1

FCRA defines the term "consumer report" to mean "any written, oral, or other communication of any information by a consumer reporting agency **bearing on a consumer's credit worthiness** . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit." 15 U.S.C. § 1681a(d)(1)(A))(emphasis supplied).

Information that does not bear on a consumer's creditworthiness is not actionable under the FCRA. *See Cortez v. Trans Union*, 617 F.3d 688, 711-12 (3d Cir. 2010) (analyzing *Gillespie* and noting that actionable information must be more than purely internal or record-keeping).[1] At least one court has specifically found this applies to redacting account numbers. *Walker v. Equifax Info. Sols., LLC,* No. 1:21-CV-01045-ELR, 2024 WL 4815355, at *16 (N.D. Ga. Sep. 23, 2024) ("Plaintiff offered no evidence that his credit report actually contained inaccurate or incomplete information . . . regarding the disputed accounts . . . because the account numbers on his credit report simply were not listed in full.") (cleaned up).

In the instant matter, Plaintiff only takes issue with "one (1) accounts [sic] report[ing] without disclosing the full account number, missing account information and payment history" in his consumer disclosure. ECF No. 1, ¶ 39. However, "completeness of data" (e.g., payment history and date of last activity) in a consumer's credit file does not bear on a consumer's creditworthiness. *See Harris v. Trans Union LLC*, No. 1:25-cv-192-MLB-JKL, 2025 U.S. Dist. LEXIS 98701*, at *19 (N.D. Ga. May 23, 2025) (rejecting Plaintiff's FCRA claims premised on omission of a full payment history, finding "the lack of a comprehensive account or payment history is of no matter when the report, viewed as a whole, does not mislead the user about the status of the account.").

[1] *See also, e.g., Watkins v. Experian Info., Sols., Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 U.S. Dist. LEXIS 150321, at *24 (W.D. Tex. Sep. 8, 2014).

Thus, even if Plaintiff's factual allegations are true, Plaintiff has not stated a claim for which relief may be granted, and Plaintiff's Complaint should be dismissed.

**B. Plaintiff does not allege he suffered any actual damages as a result of Equifax's alleged conduct, thus, he lacks Article III standing.**

Even if Plaintiff was able to state a claim under the FCRA upon which relief can be granted, Plaintiff lacks Article III standing as he does not allege he suffered any actual damages, a requirement for recovery following a negligent violation of the FCRA.

"Article III of the Constitution confines the judicial power of federal courts to cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process, that is, concrete, living contest[s] between adversaries, that a court can resolve with real-world relief (as opposed to an opinion advising what the law would be upon a hypothetical state of facts). To show their dispute qualifies, the named plaintiffs must establish standing, meaning they must plausibly allege (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." *Amrhein v. eClinical Works, LLC*, 954 F.3d 328, 330 (1st Cir. 2020) (internal quotation marks and citations omitted). "'The party invoking federal jurisdiction bears the burden of establishing' that it has standing." *Massachusetts v. U.S. Dep't of Health & Hum. Servs.*, 923 F.3d 209, 221 (1st Cir. 2019) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiff has alleged *none* of the elements required to establish standing. No injury is alleged, much less an injury that can be traced to any conduct of Equifax.

In the FCRA context, Plaintiff alleges that Equifax negligently failed to comply with the FCRA. "A [CRA] that negligently fails to comply with [the] FCRA's requirements is liable for actual damages, costs, and reasonable attorney's fees." *Stevenson v. TRW, Inc.*, 987 F.2d 288, 292 (5th Cir. 1993). But a negligent violation of the FCRA is not sufficient to recover punitive or statutory damages. *See* 15 U.S.C. § 1681n. Plaintiff alleged that Equifax negligently failed to

comply with 15 U.S.C. § 1681g. But he does not allege that he suffered any actual damages as a result, other than a simple conclusory statement that Equifax is liable for actual damages. *See Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697-98 (W.D. Tex. 1994) (finding proof of damages to be an essential element of an action under the FCRA because the statute is not meant to impose strict liability for errors). Nor does he allege any sort of causal link between any damages and Equifax's conduct. "Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of actual damages." *McIntyre v. Rentgrow, Inc.*, No. 18-cv-12141-ADB, 2021 U.S. Dist. LEXIS 157939, at *26 (D. Mass. Jul. 16, 2021) (internal citations and quotations omitted), *aff'd by McIntyre v. RentGrow, Inc.*, 34 F.4th 87, 2022 WL 1538293 (1st Cir. Mass., May 13, 2022). Without allegations of recoverable damages, Plaintiff's claims fail for lack of Article III standing.

## V. <u>CONCLUSION</u>

For the reasons set forth herein Equifax respectfully requests the Court grant its Motion, dismiss Plaintiff's Complaint with prejudice, and grant all other relief as the Court deems appropriate.

DATED: September 5, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Mario D. Nimock*

Mario D. Nimock (Bar No. 687627)
mnimock@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
Telephone: (312) 460-5218
Facsimile: (312) 460-7613

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and Pro Se Plaintiff.

*/s/ Mario D. Nimock*
Mario D. Nimock
*Counsel for Defendant*
*Equifax Information Services LLC*