**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYRONE BOZEMAN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-12253-MJJ |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), hereby submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint. Plaintiff's Opposition to Equifax's Motion to Dismiss (the "Opposition") fails to remedy the fundamental deficiencies of the Complaint, and Equifax's Motion to Dismiss should be granted in its entirety.

## I. INTRODUCTION

On September 5, 2025, Equifax filed a Motion to Dismiss Plaintiff's Complaint on two grounds: (1) the information Plaintiff claims Equifax did not provide him, including full account numbers, does not bear on Plaintiff's creditworthiness and, thus, is not actionable under the FCRA; and (2) Plaintiff does not allege he suffered any actual damages as a result of Equifax's alleged conduct, thus, he lacks Article III standing to maintain this action. *See* ECF No. 7. Plaintiff filed an Opposition on September 15, 2025. *See* ECF No. 9. Plaintiff's Opposition merely restates the same vague and conclusory allegations contained in his Complaint, which are plainly insufficient to establish a claim under the Fair Credit Reporting Act ("FCRA"). *See* ECF No. 1. Plaintiff's response misconstrues the scope of § 1681g by apparently suggesting that any data assembled by a consumer reporting agency regarding a consumer should be disclosed in a consumer report, an

overbroad reading of the FCRA that has not been upheld by courts. *See* ECF No. 7 at pp. 3-4 (caselaw discussing the difference between a credit file containing all information on a consumer that is recorded and retained by a consumer reporting agency versus a consumer report, which contains information bearing on a consumer's creditworthiness).

Plaintiff has failed to articulate a colorable claim under the FCRA, having failed to identify a specific inaccuracy or to otherwise demonstrate that the disputed reporting involves information bearing on his "creditworthiness." Plaintiff also fails to allege sufficient injury to confer Article III standing, which his Opposition does nothing to remedy. As such, Plaintiff's Complaint should be dismissed.

## II. ARGUMENT

Under *Ashcroft v. Iqbal*, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which is exactly what Plaintiff is doing in the present case. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff insists that § 1681g(a)(1) requires Equifax to disclose all information reported about him, including full account numbers. If the Court were to agree with this interpretation, however, there would be an influx of meritless lawsuits for missing information such as addresses, name variations, telephone numbers, and gender that may not report on a consumer report obtained pursuant to § 1681g(a)(1).

Plaintiff also states that Equifax's motion to dismiss was denied in *Washington v. Equifax*, No. 3:19-cv-00154, 2019 WL 2448682 (M.D. Tenn. June 12, 2019). ECF No. 9 at p. 5. This claim, however, is misleading. The court in *Washington* found Equifax's argument that "scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft," was more suitable for a motion for summary judgment.

*Washington*, 2019 WL 2448682, at *10-*11.[1] Our case is different. Equifax has not presented the same argument in support of its 12b(6) Motion. *See* ECF No. 7. While Equifax maintains that truncating account numbers is a reasonable policy, Equifax requests dismissal of Plaintiff's claims because under the FCRA, to qualify as a consumer report, the information contained therein **must bear on an individual's creditworthiness**, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. 15 U.S.C. §1681a (emphasis added). Truncated account numbers do not qualify as information that bears any impact on the aforementioned. Notably, while the account numbers were truncated, other unique information that helped identify the accounts such as account name, date opened, scheduled payment amount, status, account type, credit limit, and balance were not. *See* ECF No. 1, Exhibit A. This is also not a situation where no account numbers were included on a consumer report. *See id.* Plaintiff claims in his Opposition that other information, such as payment history and account information "qualifies," though it is not clear what is meant by "qualifies" and Plaintiff does not cite a single case in support. *See* ECF No. 9 at pp. 4-5. Plaintiff also cites language from a Federal Trade Commission ("FTC") Opinion Letter in his Complaint but the FTC has also said, "[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports." *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1172 (S.D. Ala. 2004) (quoting *Statements of General Policy or Interpretations Under the Fair Credit Reporting Act*, 16 C.F.R., Subchapter F, Pt. 600, Appendix, pp. 492-519).

Plaintiff also fails to rebut the allegation that he has not alleged sufficient injury for Article III standing. As stated in Equifax's original Motion to Dismiss, Plaintiff lacks Article III standing

[1] *See also Washington v. Equifax*, No. 3:19-cv-00154, 2020 U.S. Dist. LEXIS 168485, at *16-*21 (M.D. Tenn., Aug. 20, 2020), where the Court granted Equifax's motion for summary judgment and noted that plaintiff was unable to show that the truncation of account numbers caused him an injury or that the same action was a negligent or willful violation of the FCRA.

as he does not allege he suffered any actual damages. Furthermore, as the U.S. Supreme Court concluded in *Spokeo*, a plaintiff must have suffered actual harm to be liable under the FCRA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (finding that a claim alleging a "bare procedural violation . . . divorced from any concrete harm," is insufficient to confer standing). Plaintiff believes he can recover statutory damages here. But "a plaintiff does not necessarily have standing simply because he or she can identify some procedural statutory violation in a setting in which Congress has made statutory damages available to those who are unable . . . to prove actual damages." *Landry v. Thomson Reuters Corp.*, No. 16-cv-507-SM, 2018 WL 4568809, at *12 (D.N.H. Sep. 24, 2018). Nor does he allege any sort of causal link between any damages and Equifax's conduct. While Plaintiff claims he suffered emotional distress, he does not elaborate further, and does not cite a single First Circuit case in support of the argument that standing is conferred merely by a plaintiff stating he suffered emotional distress. Plaintiff cites a couple of cases to support his argument but they do not help his case. For example, *Havens Realty Corp.* involved a claim under the Fair Housing Act, irrelevant to this case. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). Plaintiff also cites *Tailford* to support his argument but, there, the Court upheld the District Court's dismissal with prejudice of Plaintiffs' amended complaint for failure to state a claim, including the plaintiffs' 1681g claims. *See Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1104 (9th Cir. 2022). Another case cited by Plaintiff, *Kelly*, did find the plaintiffs had standing for a 1681g claim but only after they "made the requisite showing of (1) the omission of information to which they claim entitlement, (2) 'adverse effects' that flow from the omission, and (3) the requisite nexus to the 'concrete interest' Congress intended to protect." *Kelly v. Realpage Inc.*, 47 4th 202, 214 (3d Cir. 2022). Plaintiff has not done this. As a result, Plaintiff has not adequately pled standing.

## III. CONCLUSION

For all of the foregoing reasons, Equifax respectfully requests that this Court grant Equifax's Motion, dismiss Plaintiff's Complaint against Equifax in its entirety, with prejudice, along with such other relief as the Court deems equitable and just.

DATED: September 22, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Mario D. Nimock*

Mario D. Nimock (Bar No. 687627)
mnimock@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
Telephone: (312) 460-5218
Facsimile: (312) 460-7613

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and Pro Se Plaintiff.

*/s/ Mario D. Nimock*
Mario D. Nimock
*Counsel for Defendant*
*Equifax Information Services LLC*