**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

TYRONE BOZEMAN,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

Case No. 1:25-cv-12253-MJJ

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Equifax Information Services LLC ("Equifax") files this response to Plaintiff's Notice of Supplemental Authority to raise a concern with the Court. It appears to Equifax that filings by this *pro se* Plaintiff potentially are being authored by an attorney who has not appeared in this action, or by a person who is not an attorney at all.

Equifax notes that Plaintiff's Complaint bears a striking resemblance to complaints filed nationwide by *pro se* plaintiffs alleging violations of FCRA § 1681g based on information allegedly missing from consumer files. In this Court, Equifax's counsel can point to the following cases, all pending in the United States District Court for the District of Massachusetts, that involve strikingly similar complaints, all of which cite to the same case law and attach the same exhibits: (i) *Andrade v. Equifax Infor. Srvcs., LLC*, Case No. 1:25-cv-12346-MJJ; (ii) *Luc v. Equifax Infor. Servcs., LLC*, Case No. 1:25-cv-12377-WGY; (iii) *Usher v. Equifax Infor. Srvcs., LLC*, Case No. 1:25-cv-12374-WGY; (iv) *Noel v. Equifax Infor. Srvcs., LLC*, Case No. 1:25-CV-12376-WGY; and (v) *Rivera v. Equifax Infor. Srvcs, LLC*, 1:25-cv-12303-MPK. Equifax's counsel is aware of numerous other such similar complaints filed around the country and can present further such examples to the Court should it request.

Equifax also notes that in this case, and in four of the above five cases (*Andrade*, *Luc*, *Noel* and *Rivera*), the plaintiffs all filed strikingly similar Notices of Supplemental Authority, replete with the same typographical errors, regarding a Report and Recommendation issued out of the Eastern District of Texas. *See* **Exhibit A**. As with the complaints themselves, these Notices of Supplemental Authority are also being filed by *pro se* plaintiffs in other districts. *See, e.g.*, *Brown v. Equifax Infor. Srvcs., LLC*, No. 25-cv-01020, ECF No. 23 (N.D. Oh. Nov. 21, 2025); *Williams El v. Equifax Infor. Srvcs., LLC*, 25-cv-01930-JRR, ECF No. 22 (D. Md. Nov. 24, 2025); *Howard v. Equifax Infor. Srvcs., LLC*, No. 2:25-cv-01583-CDS-EJY, ECF No. 13 (D. Nev. Nov. 24, 2025).

Undersigned counsel in this matter does not represent Equifax in all its cases, but believes there are likely many more examples of these pleadings, which cannot be coincidental. Equifax raises this issue with the Court given its concerns that *pro se* plaintiffs are receiving legal (or nonlegal) guidance in these cases in a coordinated fashion, and that such may constitute the unauthorized practice of law.[1]

---

[1] Indeed, Equifax has received communications from Plaintiff on behalf of other *pro se* plaintiffs in relation to their cases. Mr. Bozeman is not an attorney to Equifax's knowledge, and runs a credit repair clinic. *See*, https://tyronebozeman.com/credit-repair

DATED: December 9, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Mario D. Nimock*

Mario D. Nimock (Bar No. 687627)
mnimock@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive
Chicago, IL 60606-6448
Telephone: (312) 460-5218
Facsimile: (312) 460-7613

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2025, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

Tyrone Bozeman
26 Abbot Street
Boston, MA 02124

*/s/ Mario D. Nimock*
Mario D. Nimock
*Counsel for Defendant*
*Equifax Information Services LLC*