**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TYRONE BOZEMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br><br>　　　　Defendant. | Case No. 1:25-cv-12253-MJJ |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in

the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**PRELIMINARY STATEMENT'**

**COMPLAINT ¶1:**

This is an action for actual, statutory damages and cost brought by Mr. Bozeman against
Equifax for violations of the Fair Credit Reporting Act, § 1681, et seq. ("FCRA").

319956976v.1

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

<strong><u>JURISDICTION AND VENUE</u></strong>

**COMPLAINT ¶2:**

Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

**ANSWER:**

Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶4:**

Venue is proper in Boston Massachusetts because the acts complained of were committed and/or caused by the Defendant within Suffolks County.

**ANSWER:**

Equifax states that this is a legal conclusion which is not subject to denial or admission. Equifax denies the remaining allegations in this paragraph.

319956976v.1

## PARTIES

**COMPLAINT ¶5:**

Mr. Bozeman is a natural person residing in Boston, Suffolks County, Massachusetts.

**ANSWER:**

Upon information and belief, Equifax admits that Plaintiff is a "natural person." Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Mr. Bozeman is a Consumer as defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶7:**

Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

**ANSWER:**

Equifax denies that it is a corporation. Equifax admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

**COMPLAINT ¶8:**

Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681n(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

319956976v.1

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation. Equifax further admits that the FCRA outlines certain requirements and that it is aware of those requirements that potentially apply to it. Equifax denies the remaining allegations in this paragraph.

<u>**FACTUAL ALLEGATIONS**</u>

**Mr. Bozeman's August 2025 Consumer Disclosure**

**COMPLAINT ¶9:**

On or about August 1, 2025, Mr. Bozeman requested a copy of his consumer credit disclosure from Equifax.  SEE PLAINTIFF'S EXHIBIT A

**ANSWER:**

Equifax neither admits nor denies the allegations in this paragraph because they refer to a document, which speaks for itself and is the best evidence of its contents. Equifax denies these allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶10:**

Pursuant to 15 U.S.C. § 1681g(n), upon receipt of Mr. Bozeman' request, Equifax was required to "clearly and accurately" disclose all information in Mr. Bozeman' file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

**ANSWER:**

Equifax states that the statutory provision referenced by this paragraph speaks for itself, and Equifax denies the allegations in this Paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provision referenced by this paragraph.

4

**COMPLAINT ¶11:**

Equifax provided an electronic copy of Mr. Bozeman' Consumer Disclosure ("Equifax's Disclosure") [sic] to via annualcreditreport.com

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**Missing Account Numbers, Missing Account Information and Payment History**

**COMPLAINT ¶12:**

Making matters even more confusing for Mr. Bozeman, Equifax omitted the full Account Numbers, Missing Account Information and Payment History relating to the American Express trade lines.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. To the extent any response is required, Equifax states that the allegations in this paragraph refer to a document, which speaks for itself and is the best evidence of its contents.

**COMPLAINT ¶13:**

On information and belief, this data furnisher reported the full account numbers, missing account information and payment history belonging to its respective accounts to Equifax, and this information contained within Equifax's file regarding Mr. Bozeman at the time of his request.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. To the extent any response is required, Equifax states that it lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

319956976v.1

**COMPLAINT ¶14:**

When Equifax produces and sells reports regarding Mr. Bozeman to third parties, the full account numbers, missing account information and payment history are included in its reports.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. To the extent a response is required, Equifax states that it lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

**ANSWER:**

Equifax states that the statutory provision referenced by this paragraph speaks for itself, and Equifax denies the allegations in this Paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provision referenced by this paragraph.

**COMPLAINT ¶16:**

Having a duty to disclose all of the information regarding the accounts in Mr. Bozeman' file, Equifax breached its duty by failing to provide the account numbers, missing account information and payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

319956976v.1

**COMPLAINT ¶17:**

Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

**ANSWER:**

Equifax states that Paragraph 17 does not contain any factual allegation and, at best, merely seeks to draw a parallel to an unrelated scenario. As a result, Equifax denies the allegations in this Paragraph.

**COMPLAINT ¶18:**

Equifax's disclosure contains collection information that stays on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

**ANSWER:**

Because of the vague and generalized nature of the allegations, Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

On information and belief, all the aforementioned data furnishers reported full account numbers, missing account information and payment history to Equifax, and this information was contained within Equifax's file on Mr. Bozeman at the time of his request for his consumer disclosure.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations.  As to the remaining allegations, Equifax states that it lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, but states that Plaintiff's consumer disclosure was complete and accurate.

319956976v.1

**COMPLAINT ¶20:**

Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers, missing account information and payment history reported by data furnishers.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶21:**

Equifax knows of this error but, despite such knowledge, has yet to correct it.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶22:**

The failure to disclose full account numbers, missing account information and payment history violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. See Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request. 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clean and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. To the extent any response is required, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶23:**

The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. See, e.g., Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure based, partially, on a lack of standing, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶24:**

The lack of accurate, full account numbers, missing account information and payment history caused Mr. Bozeman great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶25:**

Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers, does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information' in the file." SEE PLAINTIFF'S EXHIBIT B.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax states that the allegations in this paragraph

319956976v.1

refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶26:**

Equifax's omission of the full account numbers; missing account information and payment history greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**Prevalence of Equifax's Account Number Errors, Missing Account Information and Payment History**

**COMPLAINT ¶27:**

On information and belief, Equifax's Disclosure to Mr. Bozeman was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

**ANSWER:**

Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

On information and belief, this same template is used virtually every time a consumer requests their file from Equifax through www.annualcreditreport.com.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

On information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

319956976v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number, missing account information and payment history errors.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

Thus, every consumer with accounts appearing with missing information in their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Mr. Bozeman.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶32:**

Equifax's error has therefore likely affected thousands of consumers.

**ANSWER:**

Equifax denies that it committed any such error and therefore denies the allegations in this paragraph.

**COMPLAINT ¶33:**

Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected.

**ANSWER:**

Equifax denies any such flaws and therefore denies the allegations in this paragraph.

11

319956976v.1

**COMPLAINT ¶34:**

Equifax's knowing and repeated conduct warrants an award of punitive damages.

**ANSWER:**

Equifax denies the allegations in his paragraph.

**COMPLAINT ¶35:**

Equifax's failure to disclose all of the information in the consumer's credit file in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶36:**

Mr. Bozeman has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶37:**

Equifax's failure to accurately, fully, and clearly disclose the information with its files regarding Mr. Bozeman deprived his of this right.

319956976v.1

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

## COUNT 1
## VIOLATIONS OF THE FCRA

**COMPLAINT ¶38:**

Mr. Bozeman adopts and incorporates paragraphs 1-37 as if fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶39:**

Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Mr. Bozeman' request for his consumer disclosure by failing to clearly and accurately disclose to Mr. Bozeman, a Consumer, all of the information in his file at the time of the request. Specifically, Equifax disclosed one (1) accounts reported without disclosing the full account number, missing account information and payment history or one (1) accounts also without the full account numbers, missing account information and payment history even though full account numbers, missing account information and payment history were reported by the data furnishers.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶40:**

Equifax knowingly provided inaccurate and incomplete information in Mr. Bozeman' disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

13

319956976v.1

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies the allegations in this paragraph.

**COMPLAINT ¶41:**

Equifax is therefore liable to Mr. Bozeman, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $2,000 per violation, plus costs.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COMPLAINT ¶42:**

Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Mr. Bozeman pursuant to 15 U.S.C. § 1681o for his actual damages plus costs.

**ANSWER:**

Equifax states that the Court has dismissed Plaintiff's claim regarding Equifax's truncation of account numbers on Plaintiff's disclosure, and thus no response is required as to those allegations. As to the remaining allegations, Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

WHEREFORE, Mr. Bozeman respectfully requests that the Honorable Court enter judgment against Equifax for:

14

319956976v.1

a.  The greater of statutory damages of $1,000 per incident and Mr. Bozeman' actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Mr. Bozeman's actual damages pursuant to 15 U.S.C. § 16810(a)(1);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(n)(2);

c.  Costs pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 16810(a)(2); and

d.  Such other relief that this Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## DEMAND FOR JURY TRIAL

Mr. Bozeman demands a jury trial on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

15

319956976v.1

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

DATED: March 24, 2026                           Respectfully submitted,

                                                SEYFARTH SHAW LLP


                                                */s/ Mario D. Nimock*
                                                Mario D. Nimock (Bar No. 687627)
                                                mnimock@seyfarth.com
                                                SEYFARTH SHAW LLP
                                                233 S. Wacker Drive
                                                Chicago, IL  60606-6448
                                                Telephone: (312) 460-5218
                                                Facsimile: (312) 460-7613

                                                *Counsel for Defendant*
                                                *Equifax Information Services LLC*

16

319956976v.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *Pro Se* Plaintiff.

*/s/ Mario D. Nimock*

Mario D. Nimock
*Counsel for Defendant*
*Equifax Information Services LLC*

319956976v.1